

# NUMBER 13-25-00575-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CAMERON ALEXANDER**
**WHEATON,**                                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

---

## ON APPEAL FROM THE 12TH DISTRICT COURT
## OF MADISON COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron**
**Memorandum Opinion by Justice Silva**

Appellant Cameron Alexander Wheaton appeals his conviction for driving while intoxicated (DWI) with a child passenger, a state jail felony. *See* Tex. Penal Code

§ 49.045(b). By two issues, Wheaton argues that the trial court erred when it did not specifically enforce the terms of Wheaton's plea agreement, and failed to permit Wheaton from withdrawing his guilty plea. We affirm.

## I. BACKGROUND[1]

On December 11, 2024, Wheaton was indicted for driving while intoxicated with a child passenger, a state jail felony. *See id.* The indictment also contained an enhancement paragraph alleging that Wheaton was previously convicted of sexual assault of a child, a second-degree felony.[2] *See id.* § 22.011(a)(2)(A)–(E), (f). On April 21, 2025, the trial court issued an order setting Wheaton's bond at $10,000 with a variety of bond conditions, which contained Wheaton's signature. On July 14, 2025, the trial court conducted a plea hearing when the following exchange occurred:

| | |
|---|---|
| [The State]: | And just to be clear, what we have agreed is that if [Wheaton] shows up on the date the Court resets this to, that we are in agreement with 5 TDC. 5 years' prison. If he does not show up, then he's subject to the full range of punishment of the 10 years, and the Court will assess the sentencing. |
| [Defense Counsel]: | That is what we understand, Your Honor. |
| THE COURT: | And is that your understanding, Mr. Wheaton? |
| [Wheaton]: | Yes, sir. |

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX GOV'T CODE §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it differs from our own. *See* TEX. R. APP. P. 41.3.

[2] A state jail felony may be punishable as a third-degree felony if it is shown at the trial of the offense that the individual has previously been convicted of a felony listed in Texas Code of Criminal Procedure Article 42A.054(a), which includes sexual assault of a child. *See* TEX. PENAL CODE §§ 12.35(c); 22.011(2)(A)–(E) (defining the elements for sexual assault of a child); TEX. CODE CRIM. PROC. art 42A.054(a)(8) (listing TEX. PENAL CODE § 22.011).

2

| | |
|---|---|
| THE COURT: | So you understand, then, that you and your attorney have worked out a plea agreement which is agreeable to you? And if you show up on the date I tell you and you don't get in trouble between now and then, I will honor that plea agreement. |
| [Wheaton]: | Yes, sir. |
| THE COURT: | . . . If you don't show up, then there may be a warrant issued for your arrest and at that time we will have a sentencing hearing and we will—I'm not guaranteeing that I will follow the plea agreement. Do you understand that? |
| [Wheaton]: | Yes, sir. |

Wheaton subsequently pleaded guilty and true to the indictment's enhancement allegation. The trial court then found Wheaton guilty of the indicted offense and found the enhancement allegation true. It then informed Wheaton that his sentencing hearing was set for "August 18, 2025, at 9:00 [a.m.]."

On August 18, 2025, the trial court signed an order revoking Wheaton's bond, which was filed the next day. The order stated, "Defendant to be held on no bond until sentencing." The order did not include an explanation of the trial court's reasoning for the bond revocation, and the appellate record contains no reporter's record of any court proceeding that may have taken place on that day. The trial court's docket sheet does not include an entry for August 18, 2025. However, the docket sheet contains an entry for August 19, 2025, with the following hand-written statement, "Bond revoked, Court order No Bond until sentencing."

On October 20, 2025, the trial court held a sentencing hearing. At the beginning of the hearing, the State presented the testimony of one witness and then provided the trial

3

court with an opening statement. The prosecutor stated, among other things, that Wheaton "entered a plea on this case previously and then decided not to accept [the] plea agreement of 5 TDC that we had offered," that the evidence will show "[t]here was a wreck that occurred by the First Baptist Church where [Wheaton's] car . . . basically went through a fence over there by the church, and his son was in the car," and that "[b]ased on the facts of the case and [Wheaton's] . . . prior sexual assault of a child, we're going to ask you to sentence him to prison." Defense counsel then provided the following opening statement:

> [W]e believe that the evidence will show Mr. Wheaton was involved in the accident. However, the Court may remember throughout the course of . . . working through this case, we—there is some outstanding medical documentation that I kept trying to . . . find between the date that Mr. Wheaton ple[a]d[ed] and when he was supposed to be sentenced. I was able to obtain that medical documentation showing that Mr. Wheaton had a serious medical issue. He suffered from seizures. And I believe that that, you know, did quite possibly play a factor.
>
> I believe that we will show that Mr. Wheaton was not, in fact, DWI. He was suffering from a seizure at the time the accident happened. And, also, Your Honor, I understand Mr. Wheaton did already make his plea to the Court. We would ask that . . . the Court allow Mr. Wheaton to withdraw his plea and we go forward with this new evidence. Or, we would ask, in the interest of justice, you know, if the Court so chooses to, you know, sentence Mr. Wheaton, we would ask for probation in this case . . . based on the interest of justice, Your Honor. Thank you.

Both parties then presented more witness testimony and evidence. Thereafter, the State requested the trial court to sentence Wheaton to ten years' imprisonment. Defense counsel then presented argument concerning the State's evidence and reiterated that he obtained, after Wheaton's guilty plea, medical documentation showing that Wheaton was on medication for seizures and again asked the trial court to allow Wheaton to "withdraw

4

his plea and for us to go forward with this case. Or in the alternative, we would ask for probation in this case."

The prosecutor responded that the information regarding seizures was "not new information to [Wheaton] or [defense counsel]" at the time Wheaton entered his guilty plea, that "[t]here was even an agreement with the State as to the sentence he was going to receive," but that "he didn't want to go to prison. And that was what happened, and that's why we're here today." The State again requested that Wheaton "be sentenced to the max." The trial court then orally pronounced that it was denying Wheaton's "motion to set aside [his] guilty plea," finding he entered his plea "freely and voluntarily with advice of counsel," and sentenced him to ten years' imprisonment.[3] This appeal followed.

## II.    SPECIFIC PERFORMANCE OF PLEA AGREEMENT

In his first issue, Wheaton contends that the trial court "was obligated to follow the plea agreement reached by the parties and accepted by the court when there is no evidence that [he] failed to appear for sentencing." He argues that "the logical deduction from the record is that [he] was in court on the day he was to be sentenced and was taken into custody for an unknown reason," and that "[m]uch like the trial court was not permitted to breach the agreement, neither was appellant."

"[A] plea bargain is a contract between the [S]tate and the defendant." *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). A plea bargain agreement "may contain a variety of stipulations and assurances, depending on the desires of the State

---

[3] We note the trial court's docket sheet contains an entry for October 20, 2025, reflecting that it held a sentencing hearing.

5

and the defendant." *State v. Moore*, 240 S.W.3d 248, 250 (Tex. Crim. App. 2007). And consistent with general contract principles, both the State and the defendant should be given great latitude in formulating a plea agreement that is acceptable to both parties. *Id.* at 251, 254. "As a contract, once both parties have entered knowingly and voluntarily into a plea bargain, they are bound by the terms of that agreement once it is accepted by the [trial court]." *Moore*, 295 S.W.3d at 331.

"If the trial court accepts a plea-bargain agreement, the State may not withdraw its offer." *Id.* at 332 (citing *Bitterman v. State*, 180 S.W.3d 139, 142 (Tex. Crim. App. 2005)). If the trial court rejects the plea-bargain agreement, the defendant is, as a matter of right, allowed to withdraw his guilty plea, and the State may then withdraw its offer. *Id.* (citing TEX. CODE CRIM. PROC. art. 26.13(a)(2) ("Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere.")). Because a plea bargain agreement functions as a contract, once the trial court accepts the plea agreement, both the State and the defendant are bound to uphold their end of the agreement and are entitled to the benefit of their bargain. *See Moore*, 240 S.W.3d at 251; *see also Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013).

When one party violates the terms of the agreement, the "proper relief is either specific enforcement of the agreement or withdrawal of the plea, depending upon the requirements of the circumstances in each case." *In re C.F.P.*, 388 S.W.3d 326, 329 (Tex. App.—El Paso 2012, no pet.) (citing *Ex parte Williams*, 637 S.W.2d 943, 947–48 (Tex. Crim. App. 1982) (en banc)); *see also Moore*, 240 S.W.3d at 252. Thus, either the defendant or the State may be entitled to seek specific performance of the agreement in

6

the event of a breach. *See Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016) (recognizing the defendant's right to enforce the State's part of the plea bargain); *see also Escobedo v. State*, No. 08-12-00296-CR, 2014 WL 5797864, at *4 (Tex. App.—El Paso Oct. 17, 2014, pet. ref'd) (mem. op., not designated for publication) (recognizing the State's right to demand specific performance of a plea bargain when the defendant fails to perform his part of the agreement). Furthermore, once a trial court approves a plea agreement, it is "legally bound to carry out the terms of the agreement" and is "without any authority or power to do [anything] other than specifically enforce the agreement." *Perkins v. Third Ct. of Appeals*, 738 S.W.2d 276, 280, 283 (Tex. Crim. App. 1987) (en banc). Thus, a trial court has a "ministerial, mandatory, and non-discretionary duty" to enforce the plea bargain it approves. *Id.* at 284–285; *see also*; *In re Gooch*, 153 S.W.3d 690, 694 (Tex. App.—Tyler 2005, orig. proceeding) (mandamus relief granted when trial court violated mandatory duty to enforce plea bargain agreement); *In re State*, No. 08-12-00165-CR, 2013 WL 634581, at *3 (Tex. App.—El Paso Feb. 20, 2013, no pet.) (mem. op., not designated for publication).

"As a *prerequisite* to presenting a complaint for appellate review, the record must show" that "the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A) (emphasis added). The record also must show that the trial court either "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the

7

request, objection, or motion, and the complaining party objected to the refusal." *Id.* R. 33.1(a)(2)(A), (B). A complaint must "be clear enough to provide the judge and the opposing party an opportunity to address and, if necessary, correct the purported error." *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011) (citing *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009)).

"As the [Texas] Court of Criminal Appeals has explained, one can preserve a breach-of-the-plea-agreement argument by bringing the issue to the trial court's attention as soon as the error can be cured, either by objecting at the time of the breach or moving for a new trial to compel specific performance of the plea agreement." *Joyner v. State*, 548 S.W.3d 731, 735 (Tex. App.—Houston [1st. Dist.] 2018, pet. ref'd) (citing *Bitterman*, 180 S.W.3d at 144 ("Appellant properly preserved the issue of the plea bargain breach by bringing it to the trial court's attention as soon as the error could be cured, in a motion for a new trial.")). In other words, complaints related to noncompliance with a plea-bargaining agreement must be raised in the trial court to preserve them for appellate review. *See Martinez v. State*, 159 S.W.3d 655, 656 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (holding the appellant failed to preserve his argument that the State breached a plea agreement and noting he did not raise the issue in his motion for new trial); *see also Musachia v. State*, No. 13-13-00090-CR, 2014 WL 4049885, at *1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 14, 2014, no pet.) (mem. op., not designated for publication) (holding the appellant failed to preserve issue that the State breached a plea agreement when he "failed to object when the State asked for a forty-year sentence, and her motion for new trial did not assert any noncompliance claim")

8

The parties do not dispute the existence of the plea agreement or whether it was accepted by the trial court. Regarding Wheaton's argument that the trial court "breached" the plea agreement, we note that a plea bargain is a contract between the State and the defendant, not the trial court. *See Moore*, 295 S.W.3d at 331. But we also acknowledge that a trial court generally must enforce a plea bargain it approves. *See Perkins*, 738 S.W.2d at 284–285. In any event, we do not reach the merits of Wheaton's argument because he failed to preserve his issue. *See* TEX. R. APP. P. 33.1(a)(1)(A), (B). The record demonstrates that Wheaton did not argue that there was any noncompliance with the terms of the plea agreement or request specific performance of the plea agreement at the October 20, 2025 sentencing hearing or in a post-judgment motion for new trial.[4] *See Joyner*, 548 S.W.3d at 735; *Martinez*, 159 S.W.3d at 656; *see also Musachia*, 2014 WL 4049885, at *1–2. We also note that Wheaton did not argue or present evidence at the October 20, 2025 sentencing hearing that he presented himself to the trial court at the purported sentencing hearing set on August 18, 2025. Accordingly, we overrule Wheaton's first issue.

### III.    WITHDRAWAL OF PLEA

In his second issue, Wheaton argues that the trial court abused its discretion by failing to permit him to withdraw his guilty plea. He specifically argues that "there was an agreement between the parties that, in exchange for [his] guilty plea, he would receive a five[-]year sentence," that "[t]he only condition" of the plea bargain agreement "was that [he] was required to show up for sentencing," that "[t]he trial court was aware of this

---

[4] Regarding his sentence, the record shows Wheaton requested probation.

9

condition and noted his agreement that he would adhere to the plea bargain." However, Wheaton further argues that "[w]hen there is no evidence that [he] failed to show for sentencing, the trial court was bound to impose the five[-]year sentence. In the alternative, [he] has the 'absolute right to withdraw his guilty plea,'" citing Texas Code of Criminal Procedure Article 26.13(a)(2) and *Zinn v. State*. *See* TEX. CODE CRIM. PROC. art. 26.13(a)(2); *Zinn v. State*, 35 S.W.3d 283, 286 (Tex. App.—Corpus Christi–Edinburg, 2000, pet. ref'd) (holding that the trial court's refusal to enforce the terms of the plea agreement vested the appellant with an absolute right to withdraw his plea).

Wheaton's complaints on appeal are not preserved because they do not comport with his complaints made at trial. "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). "In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time." *Id.* The record demonstrates at the October 20, 2025 sentencing hearing, Wheaton explained to the trial court that he had obtained "new" evidence purporting to show that he did not commit the offense, and then requested to be permitted to withdraw his plea and "go forward with this new evidence." At no point did Wheaton request to withdraw his plea for noncompliance with the terms of the plea agreement. Thus, Wheaton's argument at trial was not sufficiently specific to make the trial court aware that he was requesting withdrawal for noncompliance with the terms of the plea agreement. *See* TEX. R. APP. P. 33.1(a)(1)(A). Nor was it apparent from the context of Wheaton's trial argument that he was requesting to withdraw his plea for

10

noncompliance with the plea agreement.[5] *See id.*; *Pena*, 285 S.W.3d at 464. Furthermore, Wheaton did not argue or present evidence showing he complied with the terms of the plea agreement by presenting himself to the trial court at the purported sentencing hearing set on August 18, 2025. Under these circumstances, we hold Wheaton's complaint on appeal does not comport with his complaint at the October 20, 2025 sentencing hearing; consequently, Wheaton failed to preserve his second issue.[6] *See Pena*, 285 S.W.3d at 464; TEX. R. APP. P. 33.1(a)(1)(A).

Accordingly, we overrule Wheaton's second issue.

---

[5] Even if we construed Wheaton's complaint on appeal as an argument that the trial court should have granted his request to withdraw his plea, irrespective of the alleged noncompliance with the plea agreement, we still conclude that the trial court did not abuse its discretion. "A defendant may withdraw his plea as a matter of right, without assigning a reason, until judgment is pronounced or the case is taken under advisement by the trial court." *Lawal v. State*, 368 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (first citing *Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); and then citing *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)). "If, however, a defendant desires to withdraw his guilty plea after the court has taken the case under advisement, withdrawal of the plea is within the sound discretion of the court." *Id.* "After a trial court has admonished a defendant, received the plea and evidence, and passed the case for pre-sentence investigation, the case has been taken under advisement." *Id.* (first citing *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981); and then citing *Jagaroo*, 180 S.W.3d at 802). A trial court's denial of a motion to withdraw a plea after a case is taken under advisement is reviewed for abuse of discretion. *Jagaroo*, 180 S.W.3d at 802. An abuse of discretion is shown when the trial court's ruling lies outside the zone of reasonable disagreement. *See id.*

Here, Wheaton entered his guilty plea at the July 14, 2025 hearing. The evidence at the October 20, 2025 hearing bore solely on the issue of punishment. Wheaton could not withdraw his plea as a matter of right because he did not seek to do so until the trial court had already taken the case under advisement. *See Lawal*, 368 S.W.3d at 882. Thus, it was within the trial court's sound discretion to allow Wheaton to withdraw his guilty plea. *See id.* Wheaton does not argue or point to any evidence in the record showing the trial court abused its discretion in denying his request to withdraw, and we have found none.

[6] Wheaton's reliance on *Zinn* is misplaced because that case did not discuss preservation and impliedly held that the appellant preserved error. *See Zinn v. State*, 35 S.W.3d 283, 283–87 (Tex. App.—Corpus Christi–Edinburg, 2000, pet. ref'd).

11

## IV.    Conclusion

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
6th day of August, 2026.